**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | § | CASE NO: 24-11217 |
| | § | |
| HERBERT C HARPER, | § | CHAPTER 13 |
| | § | |
| DEBTOR. | § | SECTION A |

**ORDER CONFIRMING CHAPTER 13 PLAN**

This matter having come before the Court on March 4, 2026, the Court finds that the plan filed in this case on August 5, 2024, as modified by Amendment filed January 28, 2026, complies with 11 U.S.C. 1325; therefore;

**IT IS ORDERED**:

1. This Court has jurisdiction to confirm the plan under 28 U.S.C. § 1334(b).  The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2. That the plan is confirmed, and that the debtor shall make payments to the trustee and to any other parties according to the terms specified in the plan.

3. That the amounts specified in the plan payable to secured or priority claimants will be: 1) the amount allowed by the Court upon the timely filing of a proof of claim in compliance with Bankruptcy Rule 3001 after objections, if any, have been resolved; or 2) the amount allowed upon the filing of a proof of claim by the debtor or trustee on behalf of a secured or priority creditor pursuant to 11 U.S.C. §503(c) and Bankruptcy Rule 3004 after objections, if any have been resolved.

4. That the filing of a proof of claim on behalf of a claimant by the debtor or the trustee shall not constitute an admission of the existence, nature, or amounts due or any security for the claim, nor shall the filing of a proof of claim by the debtor or trustee waive any right to object to same.

5. That any creditor holding an allowed secured claim provided for by the plan shall retain the lien securing such claim until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.  If this case is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law as provided for by under 11 U.S.C. § 1325(a)(5)(B)(i).

6.  That all proceeds from the sale of property, proceeds from lawsuits or settlements, or tax refunds payable to the debtor shall be turned over to the trustee for administration.

7.  That the debtor shall provide the trustee, at least once every six months until the case is closed, a report of the status of any pending or potential lawsuit in which the debtor is or may be a plaintiff.

8.  That in cases filed on or after September 16, 2009, the debtor's Certification of  Completion of Post-Petition Instructional Course Concerning Personal Financial    Management (Official Form 23) is due no later than the date when the last payment is made   by   the   debtor   as required by the plan or filing of a motion for a discharge under §1328(b) of the Code.

9.  Paragraph 4.1 of the plan is modified as follows: Debtor shall file both Federal and State Income tax returns timely.  Debtor shall provide a copy of same to the Trustee immediately after filing.  Debtor is allowed to retain the Earned Income Credit (EIC) portion of any refund, if claimed as exempt on Schedule C.  Per the Fifth Circuit's holding in *Diaz v. Viegelahn (In re Diaz)*, No. 19-50982 (5th Cir. Aug. 26, 2020), below-median debtors may retain any amount of tax refunds that are deemed by the Court to be used to finance reasonably necessary expenses for their maintenance and support.

10. That any and all objections to confirmation that were not withdrawn are denied.

New Orleans, Louisiana, March 12, 2026.

_____

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE